# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 05-cv-00594-LTB-CBS

YU KIKUMURA,

      Applicant/Petitioner,

v.

ROBERT A. HOOD, the Warden of the USP ADX, and
C. CHESTER, Associate Warden, USP ADX,

      Respondents.
_____

## ORDER
_____

      In this 28 U.S.C. § 2254 proceeding, on July 27, 2005, this Court entered its Amended Order adopting upon *de novo* review the Magistrate Judge's recommendation that the petition be denied and that the action be dismissed.  Judgment was entered on July 28, 2005 (Doc 34).  By counsel, Applicant/Petitioner (Mr. Kikumura) filed his "Motion to Alter or Amend Judgment" on August 8, 2005 (Doc 35).

      The matter is now before me on the Recommendation and Order of United States Magistrate Judge (Doc 44) filed January 6, 2006.  The Magistrate Judge ordered that (1) Mr. Kikumura's "Pro se Motion for Leave to File his Pro Se Supplement Motion to Alter or Amend Judgment, or Otherwise Rule 60(b) Motion" (filed September 28, 2005) (Doc 38-1) be granted and that motion was accepted for filing; and (2) Mr. Kikumura's "Pro se Motion for Leave to File His Pro Se Third Supplement Motion to Alter or Amend Judgment, or in the Alternative, Rule 60(b) Motion, Out of Time" (filed November 14, 2005) (Doc 40) be

granted. The Magistrate Judge further recommended that (1) Mr. Kikumura's "Motion to Alter or Amend Judgment" filed through counsel on August 8, 2005 (Doc 35) be denied; (2) Mr. Kikumura's "Pro se Supplement Motion to Alter or Amend Judgment, or Otherwise Rule 60(b) Motion" (Doc 38-2) be denied; and (3) Mr. Kikumura's "Pro se Third Supplement Motion to Alter or Amend Judgment, or, in the Alternative, Rule 60(b) Motion" (filed November 14, 2005) (Doc 39) be denied. Mr. Kikumura does not seek review of the Magistrate Judge's orders. He does seek review of the Magistrate Judge's recommendations.

Specifically, Mr. Kikumura has filed timely written objections to the Magistrate Judge's recommendations (Doc 53). On January 19, 2006, he filed his "Petitioner's Pro Se Amended Objection to Report and Recommendation of Magistrate Judge, Doc #44." In Document 57 filed February 27, 2006, Petitioner moves for leave "to file his second amended objection to report and recommendation of Magistrate Judge Doc #44." That motion will be granted and leave granted to file the Second Amended Objection. In addition, on February 3, 2006, Petitioner filed his "Motion to Correct His 'Pro se Amended Objection to Report and Recommendation of Magistrate Judge, Doc #44'." That motion will also be granted and the corrections noted. Finally, on January 13, 2006, Mr. Kikumura filed "Petitioner's Requests to Permit Him to File His Pro se Objection to Report and Recommendation of Magistrate Judge, and to Withdraw His Request for a Time Extension to File His Objection to Report and Recommendation" (Doc 52) and on January 19, 2006, "Petitioner's Motion for Leave to File His Pro se Amended Objection to Report and Recommendation of Magistrate Judge, Doc #44 (Out of Time)" (Doc 54). Because I

2

granted an extension of time to file objections to and including March 3, 2006, on January 17, 2006, (Doc 51), this latter motion is moot. Accordingly, pleadings addressing the merits of the Magistrate Judge's recommendations are contained in above-referenced documents 53, 55, and 57.

The substance of Mr. Kikumura's petition has been that pursuant to 18 U.S.C. § 3624(b), the Bureau of Prisons has miscalculated his good conduct time (GCT) in projecting his release date to be April 18, 2007. Specifically, Mr. Kikumura contends that he is entitled to 1,179 days of GCT rather than the 1,027 days calculated by the BOP. During his incarceration, Mr. Kikumura was awarded GCT in accordance with the formula outlined in the BOP's Program Statement, PS 5880.28, Sentence Monitoring Computation Manual (CCCA of 1984) and in 28 C.F.R. § 523.20. In sum, in the order and judgment of dismissal I agreed with the Magistrate Judge's analysis that ambiguity in the statute gave rise to deference to the BOP's interpretation of the statute all in accordance with the overwhelming weight of authority of circuit and district courts. In arriving at his recommendations, the Magistrate Judge applied only Fed.R.Civ.P. 60(b) and did not address Fed.R.Civ.P. 59(e).

In this respect Mr. Kikumura is correct that the recommendations must be analyzed under both Rule 59(e) and 60(b). My review is *de novo*.

Upon *de novo* review, I conclude that the Magistrate Judge's thorough analysis pursuant to Rule 60(b) is correct. As to Rule 59(e), the "Motion to Alter or Amend Judgment" filed August 8, 2005 (Doc 35) is timely. It is axiomatic that there are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may

demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion may be granted if necessary to prevent manifest injustice including serious misconduct of counsel. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law. As with the Magistrate Judge's Rule 60(b) analysis, no showing has been made with regard to the second ground for relief. Mr. Kikumura's objections continue to argue and reargue the question of the ambiguity of the controlling statute, the deferential construction of that statute by the BOP and, in essence, that the overwhelming weight of authority is contrary to his position that the statute is unambiguous and should be construed as does Mr. Kikumura in the calculation of his GCT. Under a Rule 59(e) analysis, I discern no manifest error of law, intervening change in the law, and a need to prevent manifest injustice. Although the analysis under Rules 59(e) and 60(b) overlaps, these rules are distinct. But in the final analysis, Mr. Kikumura has shown no entitlement to relief under either rule.

Accordingly

IT IS ORDERED as follows:

1. "Petitioner's Request to Permit Him to File His Pro se Objection to Report and Recommendation of Magistrate Judge, and to Withdraw His Request for a Time Extension to File His Objection to Report and Recommendation" (Doc 52) is GRANTED;

2. "Petitioner's Motion for Leave to File His Pro se Amended Objection to

Report and Recommendation of Magistrate Judge, Doc #44 (Out of Time)"

(Doc 54) is DENIED AS MOOT;

3. "Petitioner's Motion to Correct His 'Pro se Amended Objection to Report and Recommendation of Magistrate Judge, Doc #44'" (Doc 56) is GRANTED;

4. "Petitioner's Motion for Leave to File His Second Amended Objection to Report and Recommendation of Magistrate Judge Doc #44" (Doc 57) is GRANTED and the same is accepted for filing.

5. Mr. Kikumura's objections are DENIED;

6. Mr. Kikumura's "Motion to Alter or Amend Judgment" filed through counsel on August 8, 2005 (Doc 35) is DENIED;

7. Mr. Kikumura's "Pro se Supplement Motion to Alter or Amend Judgment, or Otherwise Rule 60(b) Motion" (Doc 38-2) is DENIED; and

8. Mr. Kikumura's "Pro se Third Supplement Motion to Alter or Amend Judgment or, in the Alternative, Rule 60(b) Motion" (Doc 39) is DENIED.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

DATED: March 13, 2006